UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL and DIANE
McFARLAND,

      Plaintiffs,

v.                                                        Case No. 06-12476
                                                          Hon. Sean F. Cox

CENTURY TRUSS COMPANY,

      Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for summary judgment. Both parties have briefed the issues and a hearing was held September 13, 2007. For the following reasons, the Court **GRANTS** Defendant's Motion for summary judgment.

### I. BACKGROUND

This action arises out of the termination of Plaintiff[1], Michael McFarland's employment with Defendant, Century Truss. Plaintiff has worked as a truss sales person for twenty-two years. He was hired by Defendant in 1989. When Plaintiff left his previous employer, Erb Lumber, to come to Defendant, his principal client, Boyd Harris, followed him to Defendant.

On February 25, 2005, without advance notice or warning, Plaintiff alleges he was terminated from his employment with Defendant. Plaintiff claims he was told he was being

---

[1]Although Diane McFarland, Michael McFarland's wife, is also a plaintiff, "Plaintiff" as used herein refers only to Michael McFarland.

1

terminated because of complaints that his customers were not able to reach him. Plaintiff had recently been off on medical leave, returning two weeks prior to his termination. Plaintiff claims he returned phone calls from his hospital bed and no customers have been identified that were unable to reach Plaintiff. During his tenure with Defendant, Plaintiff suffered a bite from a brown recluse spider, gall bladder surgery, and a heart condition.

After his termination, Plaintiff claims Defendant added several letters to his personnel file to justify his termination. Also following his termination, the president of Century Truss, Ronald Bergeron, set up a meeting with Plaintiff and his wife, Diane McFarland. At the meeting, Plaintiff claims Bergeron informed him that he was terminated because his error rate was 312%. Following his termination, Defendant retained Plaintiff's principal customer, Boyd Harris.

On June 2, 2006, Plaintiff filed a Complaint. An Amended Complaint was filed alleging: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 et seq.; (2) age discrimination in violation of the Elliott-Larsen Civil Rights Act ("ELCRA") MCL § 37.2101 et seq.; (3) fraudulent misrepresentation; (4) breach of contract; (5) disability discrimination in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12102(2); (6) disability discrimination in violation of the Persons with Disabilities Civil Rights Act ("PWDCRA"); (7) Interference with an Advantageous Business Relationship and Unjust Enrichment; and (8) Loss of Consortium. On May 30, 2007, Defendant filed the instant Motion for summary judgment.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III.  ANALYSIS

#### A.  Timeliness

Defendant asserts that Plaintiff's state law claims are barred as untimely pursuant to the "Employee Acknowledgments and Agreements" document Plaintiff signed on August 18, 2000. The Agreement provides:

> I agree that any claim, suit, action or other proceeding arising out of my employment or the termination of my employment, including but not limited to claims arising under State or Federal civil rights statutes, must be brought or asserted by me within one year of the event giving rise to the claim or be forever barred. I expressly waive any statute or other period of limitations to the contrary.

[Motion, Exhibit F]. Plaintiff argues this Agreement is not enforceable because the Agreement is not a valid contract and is unreasonable.

As a preliminary matter, the contractual limitation period cannot be asserted with respect to Plaintiff's claims for age discrimination in violation of the ADEA and disability

discrimination in violation of the ADA. As Defendant concedes, those claims were asserted within the one year contractual limitation period. [Motion, p. xi].

Plaintiff contends the Agreement is invalid because it was not signed by Defendant's Chief Executive Officer. Plaintiff relies on the fact that the Employee Handbooks distributed by Defendant do not contain a contractual limitation clause. The Employee Handbook is admittedly not a contract. Further, Plaintiff contends that the CEO was required to sign the Agreement in order for it to be effective.

Plaintiff's argument is unavailing. The Handbook states that it is not a contract and does not impose any legally enforceable obligation on Defendant. [Response, Exhibit 6, p.II-1]. The Handbook also provides "[t]he nature, terms, or conditions of CTC's employees' employment cannot be changed by any oral representation, custom, habit or practice. No employee, agent or representative of the Company, other than the Chief Executive Officer, has any authority to enter into any agreement for employment for any specified period of time or to make any agreement or representation, orally or in writing, which alters, amends or contradicts our policy of at-will employment." *Id*. The Handbook does not prohibit a change in the "nature, terms, or conditions" of employment based on a writing, such as the Agreement. Further, the Handbook only requires the approval of the CEO where the policy of at-will employment is at issue. Plaintiff does not direct the court to any language in the Agreement or Handbook that renders the contractual limitation period unenforceable.

Plaintiff also argues that the contractual limitation period is unenforceable because it is unreasonable. Plaintiff's argument was foreclosed in *Clark v. DaimlerChrysler Corporation*, 268 Mich.App. 138 (Mich.App. 2005). First, the court noted that the Michigan Supreme Court

overruled the reasonableness test advanced by Plaintiff pursuant to *Camelot Excavating Company, Inc. v. St. Paul Fire & Marine Ins. Co.*, 410 Mich. 118 (1981), in its decision *Rory v. Continental Ins. Co.*, 473 Mich. 457 (2005). Following *Rory*, the law is that "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Clark*, 268 Mich.App. at 141 (citation omitted). A plaintiff may also assert traditional contract defenses to defeat the limitation clause. *Id*. at 142. The *Clark* court went on to hold that a six month contractual limitation period in an employment contract did not violate public policy and was enforceable.

Accordingly, as Plaintiff does not identify any ambiguity, public policy, or traditional contract defense that requires the one year contractual limitation period to be disregarded, it will be enforced as written. Consequently, Defendant is entitled to summary judgment on Counts II-IV and VI-VIII.

### B. Age Discrimination in Violation of the ADEA

Plaintiff asserts that he was terminated based on his age in violation of the ADEA. The ADEA provides in relevant part, "[i]t shall be unlawful for an employer - (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

A plaintiff seeking to establish an ADEA violation using circumstantial evidence must use the familiar *McDonnell Douglas*[2] burden shifting framework. Under the framework, the plaintiff must establish a prima facie case; if he does so, the burden shifts to the defendant to

---

[2]*McDonnell Douglas Corporation v. Green*, 41 U.S. 792 (1973).

articulate a legitimate nondiscriminatory reason for the adverse employment action. *Hedrick v. Western Reserve Care System*, 355 F.3d 444, 459-460 (6th Cir. 2004). If the defendant articulates a legitimate nondiscriminatory reason for its action, the burden returns to the plaintiff to demonstrate the reason is pretext for discrimination. *Id*. Generally, in order to establish a prima facie case of age discrimination under ADEA, Plaintiff must establish: (1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) after he was rejected, a substantially younger person was selected. *Id*. However, in this case, Plaintiff was terminated as part of a reduction in force.[3] When the plaintiff is discharged pursuant to a reduction in force, the fourth element of the prima facie case is modified and the plaintiff must "present additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 371 (6th Cir. 1999).

Defendant only challenges the fourth element of Plaintiff's prima facie case. Defendant contends that Plaintiff cannot establish that he was replaced by a younger person, or that the reduction in force was carried out in a discriminatory fashion.

Plaintiff fails to direct the court to any evidence to establish that he was either replaced by a younger person, or a target of the reduction in force because of his age. Plaintiff does not identify an employee who was hired to replace him. Rather, Plaintiff claims that a younger

---

[3] A reduction in force situation occurs "when business considerations cause an employer to eliminate one or more positions within the company...[a]n employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge. *Barnes v. GenCorp, Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990). Plaintiff does not challenge Defendant's assertion that his termination was part of a reduction in force.

employee was assigned to his second largest customer, and when he could not handle the job, another employee was transferred to take over the account. With respect to a reduction in force, "a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work...[a] person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties." *Barnes*, 896 F.2d at 1465. Plaintiff does not argue, much less offer evidence, that another employee was reassigned to cover Plaintiff's duties to the exclusion of the employee's previous duties, or that a new employee was hired to take over Plaintiff's duties. Rather, Plaintiff only argues that his duties were redistributed to existing employees.

Accordingly, Plaintiff fails to establish a prima facie case of age discrimination under the ADEA. Moreover, even if Plaintiff had established a prima facie case, Plaintiff does not offer any evidence to demonstrate that Defendant's legitimate nondiscriminatory reason for selecting Plaintiff for termination was pretext. Thus, Defendant is entitled to summary judgment on Plaintiff's claim for age discrimination.

### C.     Disability Discrimination in Violation of ADA

Plaintiff alleges that Defendant terminated him because it regarded him as being disabled. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Disability under the ADA is defined as (A) a physical or mental impairment that substantially limits one or more

of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2).

The *McDonnell Douglas* burden shifting framework set forth above also applies in the context of a claim for disability discrimination. In order to establish a prima facie case of disability discrimination, the plaintiff must establish that: (1) he was disabled; (2) he was otherwise qualified for the position, with or without reasonable accommodation; (3) he suffered an adverse employment action; (4) the employer knew or had reason to know of the plaintiff's disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced. *Hedrick*, 355 F.3d at 453. Defendant challenges Plaintiff's ability to establish the first element, that he was disabled.

It is not necessary to decide whether Plaintiff presents sufficient evidence to establish that Defendant regarded him as disabled. Similar to Plaintiff's claim for age discrimination, he does not offer any evidence that he was replaced. Plaintiff merely identifies individuals who were redistributed Plaintiff's duties.

Additionally, even if Plaintiff did establish a prima facie case, he again fails to present any evidence to demonstrate that Defendant's proffered legitimate nondiscriminatory reason for terminating him was pretext for discrimination. Defendant relies on its reduction in force, claiming that Plaintiff was the obvious choice based on his sales performance, error rate, and complaints about his efficiency at responding to customers. Plaintiff does not offer evidence to the contrary.

Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim for disability discrimination.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for summary judgment.

**IT IS SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated: September 27, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2007, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**